UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

UNITED STATES OF AMERICA

v.                                                    CRIMINAL ACTION NO. 5:23-cr-00169

ALFRED LESLIE PITTMAN

### MEMORANDUM OPINION AND ORDER

Pending is Defendant Alfred Leslie Pittman's Motion for New Trial [ECF 99], filed May 30, 2025, to which the Government responded in opposition on September 9, 2025.

### I.

October 24, 2023, Mr. Pittman was charged in a single-count Indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). On May 5, 2024, following a one-day jury trial, Mr. Pittman was found guilty. On May 30, 2025, Mr. Pittman moved for a new trial in the interest of justice pursuant to *Federal Rule of Criminal Procedure* 33(a). [ECF 99]. He contends "no credible evidence" was presented to the jury to prove he possessed the firearm, thus warranting a new trial. [*Id*. at 1]. The Government responds "an abundance of evidence" was presented to sustain the jury's guilty verdict. [ECF 112 at 3].

### II.

Under Rule 33(a), "[a] district court retains discretion to grant a new trial if doing so is in 'the interest of justice.'" *United States v. Millender*, 970 F.3d 523, 531 (4th Cir. 2020)

(quoting *United States v. Arrington*, 757 F.2d 1484, 1485 (4th Cir. 1985); Fed. R. Crim. P. 33(a)). "[I]n deciding whether to grant a new trial based on the weight of the evidence, a district court's authority is much broader than when it is deciding a motion to acquit on the ground of insufficient evidence." *Id.* at 532 (internal quotations omitted). Indeed, "[t]hough a district court may not 'draw inferences . . . unfavorable to the Government . . . from the evidence' in considering a motion for a judgment of acquittal, '[i]n determining the necessity of a new trial, such inferences are allowed.'" *Id*. (quoting *United States v. Campbell*, 977 F.2d 854, 860 (4th Cir. 1992)).

Moreover, in adjudicating a motion for new trial, the district court is permitted to factor in its observations at trial to "evaluate the credibility of the witnesses." *Id*. (citing *Arrington*, 757 F.2d at 1485). Nonetheless, a "court should exercise its discretion to grant a new trial sparingly." *United States v. Palin*, 847 F.3d 418, 423 (4th Cir. 2017) (internal quotations omitted). "A new trial is warranted only '[w]hen the evidence weighs so heavily against the verdict that it would be unjust to enter judgment.'" *Millender*, 970 F.3d at 531 (quoting *Arrington*, 757 F.2d at 1485). If a court concludes a new trial is warranted, it "'must specify the reasons for [its] determination.'" *Id.* (quoting Fed. R. Crim. P. 29(d)(1)).

To sustain Mr. Pittman's § 922(g)(1) conviction, the Government was obliged to prove beyond a reasonable doubt that "(1) [he] was previously convicted of a felony, (2) [he] knew he was a felon, (3) [he] knowingly possessed the firearm, and (4) the possession was in or affecting interstate commerce." *United States v. Robertson*, 68 F.4th 855, 862 (4th Cir.) (citing 18 U.S.C. § 922(g)(1); *Rehaif v. United States*, 588 U.S. 225, 237 (2019)), *cert. denied*, 144 S. Ct. 301 (2023). Respecting the third element, "constructive possession of the firearm is sufficient, meaning a person can be considered to have possessed the firearm if 'he exercised, or had the power to exercise, dominion and control over the firearm.'" *Id*. (quoting *United States v. Wilson*, 484 F.3d

267, 282 (4th Cir. 2007) (cleaned up)). "This can be established 'through direct or circumstantial evidence.'" *Id.* (quoting *United States v. Smith*, 21 F.4th 122, 140 (4th Cir. 2021)).

There was unquestionably sufficient, credible evidence supporting Mr. Pittman's conviction. Mr. Pittman stipulated he was previously convicted of a felony, knew of his felon status, and the firearm possession affected interstate commerce. [ECF 91, 92]. As to possession, the Government presented an array of evidence to establish this element, including Mr. Pittman's own inculpatory statements. [*See, e.g.*, Ex. 6a-6g]. For instance, the Government elicited testimony from officers with the Beckley Police Department, who testified about an April 26, 2023, traffic stop of a vehicle in which Mr. Pittman was a front seat passenger. Mr. Pittman alerted them to the presence of a firearm underneath his seat and acknowledged he was not permitted to possess it. [*See, e.g.*, Trial Transcript ("Tr. Tran.") at 133:1-134:1]. Officer body camera footage capturing and corroborating the exchange was also presented to the jury. [*See* Ex. 4a]. Officers did in fact locate and recover the Taurus G2C, 9mm handgun at issue underneath the passenger seat of the vehicle. [Ex. 11; Ex.12]. Mr. Pittman was arrested, taken into custody, and provided a Mirandized statement to law enforcement, during which he admitted to possessing the firearm, despite his prohibited status. [*See* Ex. 5; Ex. 6a-6g; Tr. Tran. 135:9-17]. In addition to officer testimony, the Government presented the audio recording of Mr. Pittman's Mirandized statement to the jury at trial. [Ex. 6a-6g].

Mr. Pittman appears to challenge the weight and credibility of this evidence. There is, however, no basis upon which to discredit or question it. Not only were the officers forthright in their testimony, but their statements were ultimately corroborated by body camera footage, the audio recordings, or both, all of which was presented to the jury at trial. There is abundant evidence upon which a reasonable juror could find beyond a reasonable doubt that Mr. Pittman possessed

the firearm. Inasmuch as the evidence presented at trial supports the verdict rendered, a new trial is unwarranted.

### III.

Based upon the foregoing discussion, and having considered the entirety of the evidentiary record, Mr. Pittman's Motion for New Trial [**ECF 99**] is **DENIED**.

The Clerk is directed to send a copy of this written opinion and order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: October 6, 2025

Frank W. Volk
Chief United States District Judge